J. B. KENNEDY, ET AL. *v.* HENRY JEFF, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—422.]

**Homestead Right.**

The sale of real estate on execution in 1868, after the passage of the Homestead Act of 1866, did not divest either the husband or his wife of their homestead right; but where the debts were created prior to the passage of the homestead act, the homestead right can not be asserted against them.

APPEAL FROM MERCER COURT OF COMMON PLEAS.

November 10, 1883.

OPINION BY JUDGE LEWIS:

The sale in 1868 of the house and lot under execution against

appellant, J. B. Kennedy, did not have the effect to divest either him or his wife, appellant, Louisa Kennedy, of their homestead right therein, because the debt to satisfy which the property was sold was created subsequent to the enactment of the homestead law of 1866, as well as to the acquisition of the property by J. B. Kennedy.

But, as it appears from copies of the record of the district court of the United States for the district of Kentucky, J. B. Kennedy was, subsequent to the sale of the house and lot in 1868, adjudged a bankrupt under the bankrupt law passed by congress in 1867, and the same property was sold and conveyed by his assignee in bankruptcy to appellee, Collins.  Acts Congress 1865-1867, ch. 176.  It further appears from the schedules filed by him in his application that some of the debts due by him were created prior to the homestead act of 1866 (Acts 1865-6, ch. 494; Gen. Stat. 1881, ch. 38, art. 13, §§ 9-16), the amount of which being about what the house and lot were sold for at the public sale made by the assignee.

By the terms of the Act of 1866 the homestead exemption was made to exist only on debts and liabilities created or incurred after the first day of June, 1866.  As the debts for which the property was sold by the assignee in bankruptcy were created prior to that date the sale and conveyance by him was absolute and without reservation or exemption of the homestead right in either the husband or wife, for no such right ever existed as to these debts.

But it is contended that the wife not being a party to the proceedings in bankruptcy her rights are not concluded thereby, nor is the record thereof competent evidence against her in this case. It is true she was not a party to the proceeding had.  As respects the homestead right for which appellants have jointly sued in this action they are identical in interest, and she was represented by him in the proceedings in bankruptcy.  So not only is the record of those proceedings competent evidence against her, but she is bound by them as respects the homestead exemption.

Judgment *affirmed*.

*Thompson & Thompson, and T. C. Bell, for appellants.*